UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| **ANTONIO HERNANDEZ, JR.,** | |
| Petitioner, | Civil Action No. 14-215-DLB |
| v. | |
| | **MEMORANDUM OPINION** |
| **SANDRA BUTLER, Warden,** | **AND ORDER** |
| Respondent. | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Antonio Hernandez, Jr., is in the custody of the Bureau of Prisons ("BOP") and currently confined in the Federal Correctional Institution located in Manchester, Kentucky. Proceeding *pro se*, Hernandez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that in light of post-conviction decisions rendered by the United States Supreme Court, he is actually innocent of the charges for which he was convicted and is currently imprisoned. [R. 1] For these reasons, Hernandez requests immediate release from custody.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). The Court must deny a petition if it plainly appears that the petitioner is not entitled to relief. R. Governing § 2254 Cases 4 (rendered applicable to § 2241 petitions by Rule 1(b)). At this stage, the Court accepts Hernandez's factual allegations as true.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Because Hernandez lacks counsel, the Court must also evaluate his claims leniently.  *Id.*

## PROCEDURAL CRIMINAL HISTORY

In 1994, a federal grand jury indicted Antonio Hernandez, Jr. and four other members of his family on various charges related to the 1989 murder-for-hire of the night watchman at their family business' warehouse in Florida, the burning of that warehouse, and the ensuing fraud on the warehouse's insurer.  Specifically, they were charged with (1) a multi-object conspiracy to commit murder-for-hire, arson and mail fraud, in violation of 18 U.S.C. § 371; (2) use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958; (3) arson, in violation of 18 U.S.C. § 844(i); (4) eight counts of mail fraud, in violation of 18 U.S.C. § 1341; and (5) using fire to commit a federal felony offense, i.e., mail fraud, in violation of 18 U.S.C. § 844(h).  See United States v. Antonio Hernandez, Sr., et al., No. 1:94-cr-262-UU (S.D. Florida 1994).

After a five-week trial, all of the defendants were convicted of various offenses.  Hernandez was convicted on Counts 1s, 2s, and 3s of the third superseding indictment.  He received a 60-month sentence of imprisonment on Count 1s (conspiracy to commit murder-for-hire and arson), a sentence of life imprisonment on Count 2s (murder-for-hire), and a 120-month sentence of imprisonment on Count 3s (arson).  All five Hernandez defendants appealed, but the Eleventh Circuit affirmed their convictions.  *United States v. Hernandez*, 141 F.3d 1042 (11th Cir. 1998).

Shortly thereafter, Hernandez filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 in the trial court.  [*United States v. Antonio Hernandez, Sr., et al.,* No. 1:94-cr-

2

262-UU (S.D. Florida 1994) at R. 536 therein]. On August 24, 2000, the trial court denied this motion. [*Id.* at R. 544 therein]. In March of 2004, Hernandez filed a second § 2255 motion [*Id.* at R. 599 therein], which the trial court denied on April 8, 2004. [*Id.* at R. 601 therein]. In March of 2007, Hernandez filed a motion for relief from judgment [*Id.* at R. 639 therein], which the trial court denied on June 19, 2007. [*Id.* at R. 641 therein]. Hernandez appealed the denial of his motion for relief from judgment, but the Eleventh Circuit affirmed the district court's decision on September 11, 2008. *United States v. Antonio Hernandez, Jr.*, No. 07-13231 (11th Cir. September 11, 2008) (unpublished). [*Id.* at R. 661 therein].

## CLAIMS ASSERTED IN § 2241 PETITION

Hernandez contends that, based on two decisions by the United States Supreme Court that post-date the finality of his conviction of the underlying offenses, he is "actually innocent" of these charges. He further argues that he is entitled to proceed with these claims in a § 2241 petition because § 2255 is inadequate and ineffective for him to test the legality of the convictions. The two cases on which Hernandez relies are *Jones v. United States*, 529 U.S. 848 (2000) and *Rosemond v. United States*, ____ U.S. ____, 134 S.Ct. 1240 (2014).

Hernandez first argues that the Supreme Court's decision in *Jones* establishes that he is innocent of the arson charge and that he was wrongfully convicted for violating 18 U.S.C. § 844(i). In *Jones*, the Supreme Court reversed Jones' conviction under the federal arson statute, also at issue in Hernandez's case, holding that property occupied and used by its owner as a private residence, rather than a commercial venture, did not fall within coverage of the federal arson statute. The fact that the residence was used in the interstate receipt of natural gas, a mortgage, and an insurance company did not bring it within the reach of the statute.

3

As to the second prong of his claim, Hernandez argues that in *Rosemond*, the Supreme Court reinterpreted the meaning of the statute under which he was convicted. Under this new interpretation, Hernandez contends that the government did not establish at trial that he was guilty of aiding and abetting the commission of the underlying conspiracy to commit arson and murder-for-hire.

*A.*     ***Jones v. United States*, 529 U.S. 848 (2000)**

In *Jones*, the defendant tossed a Molotov cocktail into a home owned and occupied by his cousin as a dwelling place for everyday family living. The resulting fire severely damaged the home. Jones was convicted of violating, *inter alia*, 18 U.S.C. § 844(i), which makes it a federal offense to maliciously damage or destroy by means of fire or an explosive any building used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. The Seventh Circuit affirmed Jones' conviction. *United States v. Jones*, 178 F.3d 479 (7th Cir. 1999). The Supreme Court granted certiorari and reversed Jones' conviction for violating 18 U.S.C. § 844(i), holding that an owner-occupied residence that is not used for any commercial purpose does not come within the reach of that statute.

Without reference to any supporting authority, Hernandez states that at the time of his conviction, the government was only required to establish that the destroyed property had a *de minimis* connection to interstate commerce. Hernandez then argues that the Supreme Court subsequently restricted the reach of § 844(i) by holding in *Jones* that § 844(i) "covers only property currently used in commerce or in an activity affecting commerce." *Jones*, 529 U.S. at 859. On that premise, Hernandez claims that in his case, the government did not establish that the destroyed warehouse had a sufficient nexus to interstate commerce. Therefore, Hernandez

4

contends that *Jones* renders him actually innocent of the § 844(i) offense for which he was convicted, requiring the reversal of his § 844(i) conviction.

Prior to *Jones*, the Supreme Court construed § 844(i) in *Russell v. United States*, 471 U.S. 858 (1985), another case involving the arson of a dwelling. In *Russell*, the defendant unsuccessfully attempted to set fire to a two-unit apartment building that he owned. He earned rental income from the property and "treated it as business property for tax purposes." *Id.* at 859. In *Russell*, the Supreme Court granted certiorari and affirmed the defendant's conviction for violating § 844(i) because "[t]he property was . . . being used in an activity affecting commerce within the meaning of § 844(i)." *Ibid*. In 2000, fifteen years post-*Russell*, the Supreme Court was confronted in *Jones* with a slightly different question: "Does § 844(i) cover property occupied and used by its owner not for any commercial venture, but as a private residence. Is such a dwelling place, in the words of § 844(i), 'used in . . . any activity affecting . . . commerce'?" 529 U.S. at 854. To reiterate, the Supreme Court in *Jones* held that § 844(i) does not reach an owner-occupied residence that is not used for any commercial purpose.

*Jones* is not the panacea that Hernandez envisions it to be. The Supreme Court in *Jones* held that a building that was owner-occupied and used only as the owner's residence and not for any commercial reason was outside the reach of § 844(i). The holding in *Jones* is limited to buildings that are used as owner-occupied residences. The building in Hernandez's case was a commercial warehouse. At the time of its destruction, it was not being used and occupied by the owner as the owner's residence. Therefore, *Jones* is not applicable to Hernandez's case, and does not provide him with any relief..

5

**B.**     *Rosemond v. United States*, ____ U.S. ____, 134 S.Ct. 1240 (2014)

*Rosemond* arose "from a drug deal gone bad." 134 S.Ct. 1243. Rosemond and Ronald Joseph were present at a planned drug deal that went awry. Vashti Perez arranged to sell a pound of marijuana to Ricardo Gonzales and Coby Painter and drove to a local park to make the drugs-for-money exchange with the buyers. Rosemond and Joseph accompanied her to the park, with one of them sitting in the front passenger seat and the other one sitting in the rear passenger seat of the vehicle; there was a dispute as to who sat where. At the designated meeting place, Gonzales entered the back seat of Perez's vehicle, and Painter waited outside. The backseat passenger allowed Gonzales to inspect the marijuana. Instead of paying for the drugs, Gonzales punched him in the face, took the drugs and ran. As Gonzales and Painter fled the scene with the drugs, the person riding in the back of the vehicle (either Rosemond or Joseph) exited the vehicle and fired several shots from a semiautomatic handgun. Ultimately, Rosemond was charged with using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime," in violation of 18 U.S.C. § 924(c), or aiding and abetting that offense, in violation of 18 U.S.C. § 2. Rosemond was convicted of the § 924(c) offense and received a ten-year consecutive sentence.

Rosemond's conviction was affirmed on appeal. *United States v. Rosemond*, 695 F.3d 1151 (10th Cir. 2012). The United States Supreme Court granted certiorari to resolve a conflict among the circuits as to the proof necessary to aid and abet a § 924(c) offense. Concluding that the trial court had erred in instructing the jury on the aiding and abetting offense, the Supreme Court vacated Rosemond's conviction. The Court in *Rosemond* held that "[a]n active participant

in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun" and that the aiding-and-abetting conviction "requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime." *Id*. at 1248–49. "[T]he intent must go to the specific and entire crime charged; so, for example, in *Rosemond*, to the full scope of a § 924(c) violation—predicate drug crime plus gun use. *Id*. at 1248.  The Court explained that, "[t]o aid and abet a crime, a defendant must not just 'in some sort associate himself with the venture,' but also 'participate in it as in something that he wishes to bring about' and 'seek by his action to make it succeed.'" *Id*. (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)).

Hernandez contends that the sole evidence linking him to the destruction of the warehouse was the testimony of Lela Baldo Tappan.  Since she left Miami, Florida, before the warehouse was destroyed, she was not an eyewitness and could not identify the actual participants to that alleged arson.  On this premise, Hernandez submits that her testimony was insufficient to support his conviction of the arson of the warehouse.  Hernandez also argues that in light of *Rosemond*, the foregoing evidence from Lela Baldo Tappan was "woefully inadequate" to prove that he personally participated in the destruction of the warehouse.  [R. 1-1, p. 12]  Therefore, Hernandez asserts that he is actually innocent of the crime of aiding and abetting that alleged arson.

Hernandez appears to be of the mistaken impression that he was convicted of aiding and abetting in violation 18 U.S.C. § 2.  A review of the docket sheet of Hernandez's underlying case in the Southern District of Florida, No. 1: 94-cr-262-UU, reflects that Hernandez was neither

charged with nor convicted of having violated 18 U.S.C. § 2.[1]  Instead, Hernandez was convicted of the following: (1) conspiracy to commit murder-for-hire, arson and mail fraud, in violation of 18 U.S.C. § 371 (Count 1s); (2) use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958 (Count 2s); and (3) arson, in violation of 18 U.S.C. § 844(i) (Count 3s).  Hernandez was acquitted of the offenses charged in Counts 4s-11s (mail fraud in violation of 18 U.S.C. § 1341), and in Count 12s (arson to commit murder in violation of 18 U.S.C. § 844(e)).  All other counts in the indictment and the superseding indictment against Hernandez were dismissed.  Hernandez was not charged, in either the indictment or the superseding indictment, with aiding and abetting in violation of 18 U.S.C. § 2 as to any of these counts.

*Rosemond* concerns what is required to prove that one is guilty of "aiding and abetting" in violation of 18 U.S.C. § 2.  Regardless of the ruling in *Rosemond*, it is of no consequence to Hernandez.  Arguably, *Rosemond* may have had an impact on the validity of his underlying convictions if he had been convicted of "aiding and abetting" in violation of 18 U.S.C. § 2.  However, since he was neither charged nor convicted of this offense, *Rosemond* is simply not applicable to Hernandez.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas 28 U.S.C. § 2241 is the proper vehicle for challenging the

---

[1] Because Hernandez's criminal proceeding predated the advent of the PACER electronic database, the Court is unable to electronically access all of the documents filed in that proceeding.  The Court can only electronically access documents filed beginning on June 5, 2007, and thereafter.  Prior to that date, the Court is only able to electronically view the docket sheet of that proceeding.

execution of a sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).

In brief, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Nevertheless, a federal prisoner may challenge the legality of his detention under § 2241 if his remedy under § 2255(e)'s "savings clause" is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

A prisoner proceeding under § 2241 can implicate the savings clause of § 2255(e) if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F.

App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Here, Hernandez is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, Hernandez is challenging the constitutionality of his convictions and sentences on Fifth Amendment grounds under § 2241 by way of the "savings clause" of § 2255(e). He argues that based on *Jones*, he is actually innocent of the arson of the warehouse, and that based on *Rosemond*, he is actually innocent of "aiding and abetting" the arson of the warehouse. Hernandez further contends that his § 2255 motion was inadequate or ineffective because *Jones* and *Rosemond*, both decided after his § 2255 motion was denied, apply retroactively to him and support his claim that he was improperly convicted of the arson of the warehouse. The Court need not address Hernandez's retroactivity argument because as explained above, neither *Jones* nor *Rosemond* is of any benefit to Hernandez.

To reiterate, in *Jones*, the Supreme Court held that an owner-occupied building, used only as the owner's residence and not for any commercial reason, was outside the reach of § 844(i). Thus, the holding in *Jones* is limited to buildings that are used as owner-occupied residences. The building in Hernandez's case was a *commercial warehouse*. At the time of its destruction, it was not being used and occupied by the owner as the owner's residence. Consequently, *Jones* is not applicable to Hernandez's case. As for *Rosemond*, it concerns only what is required to prove that one is guilty of "aiding and abetting" in violation of 18 U.S.C. § 2. Regardless of the ruling in *Rosemond*, it is irrelevant to Hernandez because he was not convicted of that offense.

In summary, Hernandez has not established a viable claim of actual innocence which would afford him relief under § 2241. The Court will therefore deny his § 2241 petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Antonio Hernandez's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 15th day of April, 2015.



Signed By:
David L. Bunning
United States District Judge

G:DATA/ORDERS/London/2014/14-215 MOO denying 2241 Petn